**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)
Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Robert J. Makar (No. 33579)
James K. Rogers (No. 027287)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Joe.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
Robert.Makar@azag.gov
James.Rogers@azag.gov
*Attorneys for Plaintiff State of Arizona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Alejandro Mayorkas in his official capacity as Secretary of Homeland Security; United States Department of Homeland Security; Troy Miller in his official capacity as serves as Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection; Tae Johnson in his official capacity as Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement; United States Department of Defense; Lloyd Austin in his official capacity as Secretary of Defense.<br><br>　　　　Defendants. | No. 2:21-cv-00617-DWL<br><br>**MOTION FOR RECONSIDERATION OF DENIAL OF JURISDICTIONAL DISCOVERY** |

**MOTION FOR RECONSIDERATION**

Pursuant to LRCiv 7.2(g), Plaintiff the State of Arizona (the "State") moves for reconsideration of this Court's denial (Doc. 64) of its Motion for Jurisdictional Discovery. (Doc. 48.) This Court's decision merits reconsideration for the following three reasons:

*First*, this Court improperly injected the issue of timeliness into the request for jurisdictional discovery, which notably was not raised by Defendants.

As the Supreme Court has made clear in a unanimous reversal, "[i]n our adversarial system of adjudication, [federal courts] follow the principle of party presentation … rely[ing] on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). It further explained that where a court injects new issues into a case not raised by the parties, it effects a "radical transformation of [the] case [that] goes well beyond the pale." *Id.* at 1581-52.

Defendants never contested the State's motion because of timeliness. The State was thus deprived of any opportunity to argue the issue of timeliness in its Reply. For example, Arizona was not able to develop and present arguments distinguishing inapposite cases. For example, this Court's timeliness decision rested on cases where jurisdictional discovery was denied *after* the court had ruled on a motion to dismiss or held oral argument on the motion, whereas in this case, the motion was made before any hearing or decision on the Motion to Dismiss. *Dearing v. Magellan Health Inc.*, 2020 WL 7041048, *2 (D. Ariz. 2020) (jurisdictional discovery motion denied because motion was only been made after motion to dismiss had been decided); *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 187-88 (D.D.C. 2018) (jurisdictional discovery denied where plaintiffs only filed motion after Motion to Dismiss hearing); *City of Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10, 14-15 (D.D.C. 2007) (jurisdictional discovery motion denied because Plaintiffs filed motion only after MTD was granted). Those cases contrast with controlling Ninth Circuit precedent specifically holding that jurisdictional discovery was

*required* in cases in procedurally similar stages of litigation to that of this case. *See, e.g. Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (reversing and remanding district court's denial of jurisdictional discovery in NEPA case in which the plaintiffs had raised a new issue in their motion to dismiss reply brief and requested jurisdictional discovery); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128 (9th Cir. 2003) (reversing and remanding district court's denial of jurisdictional discovery where the plaintiff moved for jurisdictional discovery after the motion to dismiss had been filed).

More generally, there was no specific date/deadline for seeking jurisdictional discovery based on any statute or rule for the State's request to run afoul of (nor was any identified). Any denial based on timeliness would thus necessarily need to rest on some prejudice to the Defendants—which they did not see fit to assert (since they also took no issue with the timing of the State's request). And, unlike many other cases, the *Sineneng-Smith* issue here implicates separation of powers as well, as the federal executive branch is fully capable of vindicating its own interests in federal courts.

*Second*, even if the State's initial request could somehow be considered untimely, subsequent events have since come to light that would render timely even a much-later filed motion. In particular, the Federal Government announced that it intends to cancel the Title 42 restrictions on border crossings. DHS estimates that the Title 42 Termination will increase the number of daily crossings from 7,000 per day—a historic high—to as much as 18,000 per day. *E.g.* Nick Miroff and Maria Sacchetti, *Biden officials bracing for unprecedented strains at Mexico border if pandemic restrictions lifted*, THE WASHINGTON POST, (Mar. 29, 2022), https://tinyurl.com/dd4fe73b (attached hereto as Exhibit A). This is game-changing as to the State's potential injuries and provides an independent basis for it to seek jurisdictional discovery about the resulting harms.

*Third*, new evidence has come to light that makes clear the sorts of evidence that could be uncovered by discovery that would permit the State to adequately allege Article

III standing under any conceivably governing standard. For example, DHS Acting Assistant Secretary for Border and Immigration Policy Blas Nunez-Neto testified before the Senate on May 5, 2022 that border walls are "*effective* in slowing the pace at which migrants can cross the border, *which is particularly important in urban and suburban settings*." Securing and Ensuring Order on the Southwest Border – HSGAC Hearing Before the Senate Committee on Homeland Security and Governmental Affairs, May 5, 2022 (testimony of Blas Nunez-Neto, DHS Acting Assistant Secretary for Border and Immigration Policy), https://youtu.be/H0Aw09Ju00g (emphasis added). In other words, even DHS admits that border walls work in some circumstances. This admission to Congress also is an intervening event that would have created a new timely basis for seeking jurisdictional discovery, so that the State can explore the apparent tension between what DHS has been saying in front of Congress versus in front of this Court.

Additionally, a recent Washington Post article details injuries to aliens who fell attempting to climb the border wall between Tijuana and San Diego. Nick Miroff, *The border wall Trump called unclimbable is taking a grim toll*, WASHINGTON POST, (Apr. 29, 2022), https://tinyurl.com/bdfsdpzz (attached hereto as Exhibit B). The article confirms the fact that even when gaps are present in the wall, some aliens choose not to attempt to cross at those gaps.

This fact, combined with Acting Assistant Secretary Nunez-Neto's admission that border walls *are* effective at slowing crossing in urban and sub-urban areas is evidence that confirms Arizona's contention that border walls are effective, even with gaps. And it is particularly relevant to Arizona's claims regarding Defendants' failure to complete the border wall in the urban/sub-urban area of Nogales, Arizona—*i.e.*, precisely where DHS's Assistant Secretary has admitted that border barriers are "effective," which is in at least sharp tension—if not outright irreconcilable conflict—with Defendants' argument that the State lacks standing because border walls do not work.

It is a near certainty that Defendants have in their possession even more such evidence, all of which would be relevant to showing harm and causation, and thus proving the State's standing. The State should be permitted to explore these issues with modest jurisdictional discovery of the sort that this Court previously ordered in *Arizona v. DHS*, No. 21-CV-00186, ECF No. 42 (D. Ariz. Apr. 8, 2021).

## CONCLUSION

For the foregoing reasons, this Court should reconsider its denial of the State's request for jurisdictional discovery

RESPECTFULLY SUBMITTED this 12th day of May, 2022.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By <u>/s/ James K. Rogers</u>
    Joseph A. Kanefield (No. 15838)
    Brunn W. Roysden III (No. 28698)
    Drew C. Ensign (No. 25463)
    Robert J. Makar (No. 33579)
    James K. Rogers (No. 027287)
      *Assistant Attorneys General*

*Attorneys for Plaintiff Arizona*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for parties that are registered CM/ECF users will be served by the CM/ECF system pursuant to the notice of electronic filing.

 /s/ James K. Rogers
*Attorney for the State of Arizona*