**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-21-00617-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Alejandro Mayorkas, et al., | |
| Defendants. | |

Pending before the Court is the State's motion for reconsideration of an order denying its motion for jurisdictional discovery. (Doc. 66.) For the following reasons, the motion for reconsideration is denied.

## RELEVANT BACKGROUND

In this action, the State has sued an array of federal agencies and officials for implementing what the State characterizes as the "Population Augmentation Program," which is a "collection of policies of Defendants that have the direct effect of causing growth in the population of the United States generally, and Arizona specifically, through immigration." (Doc. 13 ¶¶ 1-12, 33, 61-65.)

On July 14, 2021, the State filed a motion for preliminary injunction on the subset of its claims premised on the notion that Defendants were required by the National Environmental Policy Act ("NEPA") to prepare an environmental impact statement ("EIS") before pursuing the policies and programs in question. (Doc. 17.)

On October 1, 2021, as the briefing process on the State's motion was unfolding,

Defendants moved to dismiss the State's complaint under Rules 12(b)(1) and 12(b)(6). (Doc. 27.)

On February 7, 2022, the Court denied the State's preliminary injunction motion, concluding that the State's NEPA-based challenges to the entirety of the Population Augmentation Program and to the cessation of border wall construction (Counts One and Two) were unlikely to succeed and that the State was not entitled to injunctive relief on its NEPA-based challenge to the rescission of the MPP (Count Three) because any relief the Court might grant would be duplicative of a permanent injunction already upheld by the Fifth Circuit. (Doc. 47.) As relevant here, the Court held that the State was unlikely to possess standing to pursue its NEPA-based challenge to the cessation of border wall construction because the State could not show that migrants were crossing in increased numbers or that wildlife and endangered species were being harmed *because of* the challenged cessation. (*Id.* at 14-26.)

On February 17, 2022, 10 days after the issuance of this order, the State filed a motion for "targeted jurisdictional discovery," arguing that Defendants were "uniquely in the custody and control of" information about why migrants cross the border and whether barriers would result in effective deterrence. (Doc. 48 at 1.) The motion became fully briefed in March 2022. (Docs. 51, 52.)

On April 28, 2022, the Court issued an order granting Defendants' motion to dismiss in part and denying the State's motion for jurisdictional discovery. (Doc. 64.) The latter was denied for two independent reasons: (1) the motion was untimely; and (2) the request failed on the merits because the State offered "little more than a hunch" that discovery might yield jurisdictionally relevant facts and because the requested materials—statistics about where and how often migrants cross the border—were "irrelevant to answering the question of whether a challenged government policy will have a predictable effect on 'an alien's independent decision to resettle,' which may be influenced by 'any number of variables.'" (*Id.* at 28-31, citing *Whitewater Draw Natural Resource Conservation District v. Mayorkas*, 5 F.4th 997 (9th Cir. 2021).)

On May 12, 2022, the State filed the pending motion for reconsideration. (Doc. 66.)

**ANALYSIS**

The State argues that reconsideration is warranted for three reasons: (1) "this Court improperly injected the issue of timeliness into the request for jurisdictional discovery"; (2) even if the initial request was untimely, "subsequent events"—specifically, the federal government's recent announcement "that it intends to cancel the Title 42 restrictions on border crossings"—"would render timely even a much-later filed motion"; and (3) new evidence "confirms Arizona's contention that border walls are effective, even with gaps." (Doc. 66 at 1-3.)  The new evidence consists of a DHS official's May 5, 2022 statement that border walls are "effective in slowing the pace at which migrants can cross the border, which is particularly important in urban and suburban areas" and an April 29, 2022 *Washington Post* article describing injuries to aliens who fell while attempting to climb portions of the border wall in California. (*Id.* at 3.)

Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).  Thus, Arizona's local rules provide that a motion for reconsideration should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" and that "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv 7.2(g).

Applying these principles, reconsideration is not warranted here.  As an initial matter, although the Court is unpersuaded that the timeliness analysis in the April 28, 2022 was incorrect or raises any party-presentation concerns under *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020)—courts have broad discretion to regulate discovery and the State's approach here[1] undermined judicial efficiency and was inconsistent with principles

---

[1] As discussed in the April 28, 2022 order (Doc. 64 at 28-29), the State had many opportunities to consider the need for jurisdictional discovery between the filing of its complaint in April 2021 and the denial of its preliminary injunction motion in February 2022, including when Defendants moved to dismiss for lack of jurisdiction and for failure

- 3 -

of sound case and docket management—the State also overlooks that timeliness only provided one of two independent grounds for denying its motion. The other was that, regardless of timeliness, the request failed on the merits.

None of the developments identified in the State's motion call that conclusion into question. It is unclear to the Court how or why the announced plan to cancel the Title 42 restrictions on border crossings would bear on whether aliens are entering the country illegally because of gaps in the border wall or whether wildlife is being harmed by the decision to stop construction. Additionally, that plan has now been enjoined. *Louisiana v. Centers for Disease Control & Prevention*, 2022 WL 1604901 (W.D. La. 2022). As for the DHS official's statement that border walls are "effective at slowing the pace at which migrants can cross the border," this statement is not only ambiguous but fails to address one of the core causation problems previously identified by the Court—that "regardless of Defendants' action or inaction, Arizona would have been left with an incomplete wall on its southern border filled with gaps. It is speculative that the less-incomplete version of the border wall the State wishes to compel Defendants to build would necessarily deter migrants from entering Arizona. An incomplete wall is an incomplete wall." (Doc. 47 at 17. *See also* Doc. 64 at 10-11, 31 n.5.) Finally, as for the *Washington Post* article, if anything it underscores one of the additional causation problems previously identified by the Court—that "aliens committed to entering the United States have time and again found ways to overcome and bypass walls on the southern border," including by "climb[ing] the fence along the international border." (Doc. 47 at 17 & n.5.)

As the Court previously held, "[h]ere, beyond making vague requests . . . the State does not point to any specific evidence allegedly in Defendants' possession that would address the relevant causation questions in this case. Nor does the State explain how the evidence it seeks would otherwise goes to the crux of the causation issues discussed in the

---

to state a claim; when Defendants responded to the State's motion for preliminary injunction; and when the Court provided the parties with a tentative ruling before the February 1, 2022 preliminary injunction motion hearing. Nevertheless, the State waited until 10 days after the adverse ruling to file its motion.

February 2022 order, [the April 2022] order, or *Arizona v. Biden*." (Doc. 64 at 31.) The same is true here.

Accordingly,

**IT IS ORDERED** that the State's motion for reconsideration (Doc. 66) is **denied**.

Dated this 27th day of June, 2022.

Dominic W. Lanza
United States District Judge